Petitioner, Juan Lemus Martinez, Permanent Resident, U.S. Department of Homeland Security, He was placed in removal or deportation proceedings on two charges relating to drug-related offenses. Both of those charges specifically reference the Controlled Substances Act. He pled guilty to possession with intent to deliver a controlled substance under RSMO 195.211. That statute has three elements, possession with intent to deliver a controlled substance. The controlled substance element doesn't have a definition in that statute. Instead, you have to go to a separate statute to find the definition for controlled substance under Missouri law. That definition includes a series of schedules, which includes some substances outside of what the Controlled Substances Act has. So it is overbroad. Well, yeah, it's changed over the years. So Missouri has changed theirs at different times. At this time, it was overbroad by one, which was salvia. But it has at various times had more or less than the federal system. From a big-picture viewpoint, though, it seems kind of crazy that Congress is enacting this deportation provision with a candidate because the state had one additional controlled substance. That definition of that state doesn't qualify. We assume that Congress knows what they're doing, and they specifically include references to the Controlled Substances Act. They didn't have to. It could have been written any number of ways that would have allowed for state or local jurisdictions to create their own versions of controlled substances. But that's not what we have. So when we're doing this categorical approach, we're looking at marrying the two things, in this case the removal ground. And that's written by Congress. So when they wrote both the removal for a drug-related offense, it references C section of the Controlled Substances Act. And the aggravated felony definition also references the schedules in the Controlled Substances Act. So they didn't have to write it that way. They chose to. So that's what Congress wanted. If they want to amend it, of course they're free to. But at this point, this is the... Well, so the categorical approach is, you know, over the last few years, it has been, the Supreme Court has made a number of decisions over and over with being more and more insistent on the strict application of the categorical approach. So Congress has had a few years since the last one to change it if they want to. Well, if you're taking all of that as a given and math is in full force and so forth, what about this Harris case? So... The key line there, as I read it, is, behold, the Missouri General Assembly intended to make a possession with intent to distribute to any one of the different controlled substances a separate and distinct offense under 195211. Why is that dispositive to show that each drug is a separate offense? So each drug under Harris would be a separate factual means for that crime to be committed. It's a separate and distinct offense, which implies element, doesn't it? The elements are defined by the state statute. This court has repeatedly found that this statutory scheme, the thing that's defined in some other section is not an element. Those definitions in the other statute are means to commit that offense. So Hedberd and Bankhead and Bowman, they weren't involving the statute, but they were involving the same statutory structure where you have an element that's then defined in some other statute. All right. We didn't have a case in those situations, did we, from the Missouri courts that said what Harris said? You may not have had a case that specifically said this, but the Missouri courts have also said that the specific substance doesn't have to be found by the jury unanimously. And so it's our position that... What case are you referring to? Bell and Lemons. Well, those can call any cases, right? The substances are involving cocaine, yes. Well, I understand those cases, but I thought arguably the point there is cocaine and cocaine based are within the same definitional section. So there's no need to decide whether... The courts... Two different definitional sections of the offense. Am I right? The courts did not limit their finding in that way. They did not say if they fall under the same definitional section, then, therefore, the jury doesn't need to find it with unanimity. They make a broader statement. And so our... So Harris is a separate issue in that what Harris finds is that the Missouri legislature wanted someone to be convicted of the possession with intent to distribute or possession of a controlled substance for every factual way in which they violated it. So if they have three different types of drugs, they're violating that statute in three different ways or in three different factual ways. So our argument really is the same, that Harris just says the Missouri legislature didn't want to exempt someone from prosecution simply because they're violating the same statute in three different ways. Because those drugs are the ways in which they're violating the statute, we believe that means they're means and not elements of the offense. The element is a controlled substance. When we look at Mathis, there's a three-step process that the court wants us to go through. The first is whether a state case solves the issue. And while there's no Missouri Supreme Court case on the issue, it's our position that Bell and Lemons answers it and that they don't require jury unanimity on the specific substance. But even if the court finds that that's not the case, then and only then do you move on to the second step. And the second step is whether or not the statute itself shows that whether or not the drugs are elements or are means. And here, our argument is that structurally, this is the same as the statutes that this court has found in Hedbert and Bankhead and Bowman and McPhee to be non-divisible because of the way that they're set up. That the element is defined in a separate statute. And those definitions in the other statute are just means to commit that element. One of the questions Mathis asks on this second step is whether or not the various means, does that impact the sentence? And in this case, they don't. The various drugs, you get the same sentence if it's methamphetamine or cocaine or whatever it is. The one exception being a small amount of marijuana, but both parties have agreed that that isn't at issue here. So looking at the second step, this court's already answered that that statute, that setup, is non-divisible. And so therefore, the analysis should really stop. The court should find that this Missouri statute is not divisible. If neither the statute or the state case law exists, then Mathis says to look to a peek at the charging document and the jury instructions. And our argument is that the jury instructions in this case don't establish that the drug itself is an element. That what they do is supply the factual basis for that element to be met. So the name of the drug is inserted, comma, A controlled substance. And that is identifying to the jury the specific factual basis for finding that that element has been met. Both Bell and Lemons have that kind of scenario. I know it's not as obvious, but they have where there's a dispute about what the actual chemical substance is, and they found that it could stand. There are different variants of cocaine, right? So they still contain the essence of cocaine. Right. Yes. I think it's different in that it's factually, right? You would have, if you were on a trial on a drug case, you'd have the expert talking about what the substances were. It's kind of hard to imagine a scenario where you've got a charge of cocaine, but all the expert argument and everything is dealing with something wildly different, like marijuana or something. It's just hard to factually imagine a scenario where that would work, and then you would have this come up. I think that's why we have Bell and Lemons being two similar things, because factually, how would that happen? I mean, if you had a police report saying it was marijuana and then the chemist saying it's cocaine, I think there would be a much bigger problem than here where we're talking about subtle variations in the chemical compound. We believe it doesn't matter, but I'm just saying factually, it's kind of hard to imagine how that would play out. But the long and short of it is that the state of Missouri doesn't say that the specific drug itself is an element of the offense. The element is a controlled substance, and it can be met with 300-some factual means in their schedules. And let's see. I'm just about at my rebuttal time, so I don't want to stop. Thank you. Ms. Burns, you may begin. Good morning, Your Honors. Jessica Burns on behalf of the respondent, the Attorney General. When looking at the three-part test that Forth and Mathis, all of the answers to the questions point to the statute being divisible in this case. First, the state court decision suggests that the statute is divisible. As Your Honors pointed out, in State v. Harris, the court of appeals held that possession with intent to distribute multiple controlled substances are separate offenses. And this is precisely the issue that was presented to the Ninth Circuit in Martinez-Lopez and to the Third Circuit in Henderson, where the court held that each offense, where each controlled substance gives rise to a separate offense, each offense contains an element that's distinctive from the other offenses. And that shows that the statute's divisible. And in order to find a defendant guilty, the jury must find that the defendant possessed a specific drug. Yes, Your Honor. Yes, Your Honor. Well, Your Honor, the government believes that Harbin was wrongly decided. And it goes contrary to Martinez-Lopez, Henderson, Singh, and Carcamo, which are the Third Circuit, Fourth Circuit, and Ninth Circuit's decisions. But here, there's no way that a defendant could be prosecuted for possessing marijuana or methamphetamine and Selvia at the same time without a specific finding by the jury that it was the specific controlled substance. Again, because the type of controlled substance is what makes it a separate crime. In Mathis, the Supreme Court explained that a means is extraneous to the crime's legal requirements. They are circumstances having no legal effect and neither be found by a jury nor admitted by a defendant. Here, the type of controlled substance is clearly not extraneous. It can lead to multiple criminal convictions and multiple criminal sentences. If there's any lingering doubt, the jury instructions confirm this, that there's no way that a defendant could be convicted for possessing Selvia, which is not a federally controlled substance, when indeed he was possessing methamphetamine, where the jury instructions specifically require that a type of controlled substance be named. And again, the Ninth Circuit and the Fourth Circuit have agreed that the jury instructions are instructive and where a specific controlled substance must be named in the jury instructions, the statute is divisible. I'm sorry, go ahead. So the Second Circuit, New York State case law that was considered in Harbin looked to also similarly provide similar double jeopardy principles. That a controlled substance, possession of each controlled substance is a separate crime. And the Court reached the opposite conclusion of the Ninth Circuit and the Third Circuit and the Fourth Circuit and held that that just goes to notions of fair play and informing the defendant of what he's been charged with. In addition, in Henderson, there was other case, I'm sorry, in Harbin, there were other factors that weighed against finding that the statute wasn't divisible, or was divisible. And the Court rejected those as well. This issue is currently being heard by the Third Circuit, the same New York State statute is being heard by the Third Circuit on Friday. And we've raised that the Second Circuit wrongly decided the divisibility issue. But here, where two separate crimes, I'm sorry, possession of two separate controlled substances equaled two separate crimes, the Ninth Circuit found that that was definitive and answered the question that the statute was divisible. And petitioners' citations to Bell and Lemons are really limited to the cocaine versus cocaine-based situation because every controlled substance in Missouri is set forth on a separate line except for derivatives of cocoa leaves, which are all part of the same element. Well, I suppose that's a way to reach that resolve in Memphis and Bell. But isn't the language broader in the opinions? Yes, Your Honor, but they weren't presented with the issue as, was it methamphetamine or was it cocaine? And there's nothing to suggest that the Court would reach the same conclusion, especially in light of Harris and the jury instructions. Further, in Mathis, the Supreme Court directed that if there was any lingering doubt, to look at the indictment or the information that charged the defendant. In this case, the defendant was charged with possession of, with intent to deliver methamphetamine and no other substance. And the Supreme Court found that instructive to show that the nature of the controlled substance is an element of the offense. How do you respond if the Second Circuit has the analogy to a murder charge where the murder of John Smith and it makes it, it's basically the argument that John Smith is not an element? But clearly the murder of John Smith versus Jane Smith would be two different offenses that would give rise to two different crimes. There's, there's no... Well, that's certainly, the double jeopardy principles do not definitively answer the question, but they're certainly informative. And the way that the Missouri jury instructions and double jeopardy principles arise, there would never be an occasion for the Missouri Supreme Court to decide if the jury had to agree if the substance was methamphetamine or salvia. And in the same context, clearly the jury has to agree on who the murdered individual is. It doesn't make John Doe an element of the offense, but it makes, the jury would have to agree on who the murdered individual was. Again, there's nothing to point definitively to the statute being not divisible. When you look at the double jeopardy principles along with the jury instructions and the fact that the indictment specifically charged methamphetamine and no other substance, it supports a finding of divisibility in this case. If the panel has any other questions, I'd be happy to answer those. Yes. When the Supreme Court said, as in Mathis, that between record documents and state law, indeterminacy about means versus elements should prove one of the exceptions, do you think that's been borne out or do you think that it's... I think that the statute Mathis was a rare case that it was an easy, as the Supreme Court decided, an easy case and these two proved to be more difficult. Rarely is there a state Supreme Court case definitively answering the question, but here where the court of appeals are unanimous in requiring, the state court of appeals unanimous in requiring that the jury find a specific substance. I think that it meets the certainty that Mathis requires. All right, thank you, Your Honor. Thank you, Your Honors. Thank you, Your Honor. Thank you. The respondent argued two circuit court cases I think there should be a little bit more information about. One was Henderson in the Third Circuit, but that case really was decided on the basis of a state Supreme Court from Pennsylvania decision, finding that the drug was an element. And so it really stopped at the first step of Mathis, which isn't the case here. Secondly, the Martinez-Lopez case in the Ninth Circuit, there's two major differences there. Number one, the Ninth Circuit was looking at a specific California statute, the Penal Code 654, and it deals with whether or not someone can get cumulative sentences for the same factual act. And so there it would put together things like possessing multiple drugs at the same time. You would get one sentence and not subsequent sentences for each individual drug. We don't have that law in Missouri. There's nothing like it. There's no section to be reviewed because it doesn't exist. So Martinez-Lopez is distinguishable on that ground. Secondly, and I think this is really important, the California jury instruction for a similar statute is much more specific. So in it, it not only has the same kind of language that we have in asserting the drug, but it says to prove the defendant is guilty, the people must prove that. And there's the different factors. And 3A is the controlled substance was, and then that. So the jury instruction specifically tells the jury they have to find, beyond a reasonable doubt, that the substance was that chemical substance that was included, which is the Missouri jury instructions are not that specific or that clear. So I think the Martinez-Lopez case and the Henderson case are really distinguishable on those two grounds. We did not, in our briefing, argue Harbin. And so I think the panel will take that up in the next case in more detail. But we would just conclude by arguing that the court in Mathis was concerned with following the specific steps in the process. At the second step, we look at the state statute. And here, the structure of the statute is identical to the structure of several state statutes that this court has already found were not divisible. And therefore, we would ask this court to find that this structure is similarly not divisible. Thank you. All right. Thank you. The court is adjourned. The case is submitted. Court is now adjourned. Thank you. Court is adjourned.